**LOOKER, Plaintiff-Appellant, v. MARTIN, d. b. a. CO-OP CAB, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4480. Decided February 13, 1951.

Henry A. Reinhard, Russ Bothwell, Columbus, for appellant.
Clifford L. Rose, John F. Oldfield, Jr., Columbus, for appellee.

**OPINION**

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment for the defendant entered upon a special verdict of a jury.

Plaintiff, a passenger in a Plymouth automobile driven by Virgil Blanton, was struck and injured by a cab of the defendant driven by one of its employees. The Plymouth was moving north on South Lazelle Street approaching and intending to cross Livingston Avenue. The taxicab was proceeding eastwardly on East Livingston Avenue approaching and intending to cross the intersection of Lazelle Street and Livingston Avenue. The collision occurred in the intersection.

The claim of the plaintiff was that the defendant driver was negligent in failing to yield the right of way to the car in which she was riding; in failing to check the speed or divert the course of the taxicab and in driving the car at a rate of speed greater than that which was reasonable and proper, at the rate of 40 miles per hour. Defendant answered by a general denial, plead an ordinance of the City of Columbus by virtue of which it was claimed that Livingston Avenue was a main and through highway on which plaintiff's automobile was proceeding and that plaintiff's driver failed to yield the right of way to defendant's automobile. The Court, at the conclusion of the testimony, on motion of plaintiff withdrew consideration of the ordinance from the jury.

At the conclusion of the trial of the cause both the parties submitted special verdicts for the consideration of the jury. The jury used neither form submitted but returned the following verdict:

"We being nine or more members of the jury find that under the circumstances and conditions existing both parties were negligent, but since the plaintiff has not shown conclusively that her alleged injuries are a result of this accident, we find no damages for her."

This verdict was signed by nine members of the jury. Plaintiff moved for judgment on the verdict and for a new trial after judgment which motions were overruled.

Four errors are assigned:

(1) Misconduct of counsel for defendant in developing the fact that at the time of the collision in question, police officers who came to the scene arrested the driver of plaintiff's car;

in stating that plaintiff's driver had paid for the damage to defendant's cab and in improperly maintaining that the quoted ordinance had application to require plaintiff's driver to stop his car at Lazelle Avenue before entering East Livingston Avenue.

(2) The verdict was against the manifest weight of the evidence.

(3) Error in refusal of the Court to sustain plaintiff's motions.

(4) Other errors apparent upon the face of the record.

We do not purpose to discuss separately all the errors assigned but will come immediately to the determinative issue in this cause, viz., the action of the trial judge in overruling the motion of plaintiff for a new trial because the verdict was not in accordance with law. The question more properly stated is whether or not the Court could enter the judgment under consideration upon the verdict as returned. We are satisfied that it could not properly have been entered.

The special verdict is incomplete and incorrect in several particulars. It does not resolve the issues or facts between the parties so as to enable the trial judge to determine, as a matter of law, in whose favor the judgment should be entered. The parties in this action were the plaintiff, a passenger in the Blanton car, and the Cab Company. Blanton was not a party. When, then, the special verdict recites that both parties were negligent it is not responsive to any issue drawn upon the pleadings, or developed in the testimony. If the jury had the right to return such a verdict and determine the question of negligence in the special verdict without a finding of any facts to support it, then it does establish that the defendant was negligent. There was no issue as to the negligence of the plaintiff. The negligence of her driver, if any, could not have been imputed to her. If the defendant was negligent resulting proximately in injuries to the plaintiff she should recover. The negligence of plaintiff's driver would preclude recovery on her part only if it was the sole proximate cause of the collision. Giving, for the moment, effect to the special verdict under consideration, it established only that the defendant was negligent but it did not include any finding as to proximate cause or any facts from which the trial judge could determine the proximate cause of the collision. This special verdict continues:

"but since the plaintiff had not shown conclusively that her alleged injuries are a result of this accident, we find no damages for her."

There is no basis in law for the denial to the plaintiff of damages for injuries pleaded and shown to have been suf-

fered by her because she has not conclusively proved that she suffered such injuries. That is not the quantum of proof requisite to her recovery of damages. On the other hand, there is no finding of any damages sustained by the plaintiff upon which the Court could enter judgment for her. We cannot say that there was no evidence to support an award of damages to the plaintiff in some amount although the medical proof did not closely follow the averments of the second amended petition as to the nature and extent of the injuries claimed to have been sustained as a result of the collision of November 26, 1948.

The special verdict as returned by the jury not only is insufficient to support the judgment as entered or as sought by the motion of the plaintiff, it is not such a verdict as is contemplated by §11420-14 GC, the language of which is:

"A special verdict is one by which the jury finds facts only as established by the evidence; and it must so present such facts, but not the evidence to prove them, that nothing remains for the court but to draw from the facts, conclusions of law."

Such verdict must fairly and fully respond to the material issues in the case, and the facts should be sufficiently shown to stand as a final decision of the special matters with which it deals. It must be so clear and complete that the proper judgment can be rendered upon it. **Pennsylvania R. R. Co. v. Vitti, 111 Oh St 670; Dowd-Feder Co. v. Schreyer, 124 Oh St 504; Wills v. Anchor Cartage & Storage Co., 38 Oh Ap 358; Globe Indemnity Co. v. Schmitt, 77 Oh Ap 413.** It is not necessary to cite further authorities to establish that the verdict here does not find facts only as established by the evidence, neither does it so present such facts as that the Court could draw from them the conclusions of law essential to a judgment.

If we are correct in holding that the special verdict is not a proper verdict under the Code, the other errors assigned are without any particular force, but we do not find that any error assigned is well made except the refusal of the trial court to sustain the motion of plaintiff for a new trial.

The trial judge indicated proper appreciation of the admissibility of the evidence as it related to the ordinance pleaded; that the arrest of plaintiff's driver was not probative of any issue as to plaintiff's negligence and the relation of Lazelle Alley to the obligation of plaintiff's driver to yield the right of way to defendant. As a matter of fact, the details as to the charge against the driver of plaintiff's car, his arrest and conviction were developed in detail and in the main by counsel for the plaintiff.

Now that the cause will, in probability, be retried counsel and the trial judge will have the benefit of the evidence offered in the first trial and can and will restrict the development of facts to competent, relevant evidence and make certain that the jury receives and considers no irrelevant or prejudicial testimony.

The judgment will be reversed and cause remanded for a new trial.

WISEMAN and MILLER, JJ, concur.