**BRUST, Plaintiff-Appellee, v. INTERNATIONAL HARVESTER COMPANY, Defendant-Appellant.**

Ohio Appeals, Second District, Clark County.

No. 528. Decided November 13, 1956.

Kenneth Agee, Robert Dow Hamilton, Columbus, for plaintiff-appellee.

Vorys, Sater, Seymour & Pease, John C. Elam, of Counsel, Columbus, for defendant-appellant.

## OPINION

By THE COURT:

This is an action in which the plaintiff is seeking the right to participate in the benefits accorded to an injured employee under the provisions of the Workmen's Compensation Act, the defendant being a self-insurer. The principal error relied upon by counsel for the appellant has been stated by him as follows:

2. The Court of Common Pleas erred in overruling the motion of the defendant to render judgment in favor of the defendant upon the special verdict returned by the jury.

The record reveals that the jury returned the following special verdict upon which judgment for the plaintiff was rendered, to wit:

"Upon the issue as to whether or not the plaintiff at the time and place alleged in his petition sustained an injury, we find: That the plaintiff did sustain an injury on Nov. 23, 1948 in the course of performing his duty while employed at the plant of International Harvester Co.

"And upon the issue as to whether or not the plaintiff at the time and place alleged in his petition, sustained an accidental injury, we find: The facts in this issue to sustain the aforesaid statement.

"And upon the issue as to whether or not at the time and place alleged in his petition, the plaintiff sustained an injury which was accidental in character, and in the course of and arising out of his employment, or an injury which occurred in or resulted from the usual and normal activity of his employment, we find: after due consideration and weighing all the evidence presented by defendant and plaintiff and the instructions of the court, we find the plaintiff sustained an injury which was accidental in character and in the course of and arising out of his employment."

The question presented is whether or not the jury found ultimate facts on all of the issues which were so clear, consistent and complete that a proper judgment could be rendered from the pleadings and facts found without reference to the evidence disclosed by the record. See **Dowd-Feder v. Schreyer, 124 Oh St 504.** It must be conceded that the jury found on all of the issues raised by the pleadings; hence the question for determination is the nature of its findings, to wit:

1. Are they ultimate facts which support the judgment, or

2. Are they merely legal conclusions or mixed conclusions of law and fact?

Counsel for the appellant urges that they fall within the latter classification, and cites the recent case of **Landon v. Lee Motors, 161 Oh St 82,** which reviews the former decisions of the Supreme Court on

the question. The Court here agreed with the Court of Appeals that the following special findings were improper mixed findings of law and fact:

"Defendant could and should, in the exercise of ordinary care, have ascertained that said kingpin was broken, and should have replaced the same.

"Defendant failed to exercise reasonable care in said particulars.

"Each of the foregoing acts and omissions of the defendant constituted negligence.

"Plaintiff was not himself negligent."

It will be noted that these objectionable findings refer to the terms "ordinary care," "reasonable care" and "negligence." These terms are mere legal conclusions and when used in a pleading are subject to motion to make definite and certain. The findings in the case at bar are concise and pertinent to the issues presented.

In **Looker v. Martin, 61 Abs 373,** the court held that the special verdict "must fairly and fully respond to the material issues in the case." In looking to the issues raised in the case at bar we find them to be, (1) Was the claimant injured as alleged in his petition? And (2) Was the injury sustained in the course of and arising out of his employment? And (3) Whether or not the injury was the result of an accident. These were the determinative issues or ultimate facts to be proven and when the jury determined from the evidence that the plaintiff did sustain an injury, that said injury was an accidental one, and that it was sustained in the course of and arising out of his employment, the only remaining thing to be done by the court was to apply the law to the facts found. What the evidentiary facts were that led the jury to its decision are not material. The exact nature of the injury is not in issue to be determined in this case, and neither is the exact duty he was performing. The jury did, however, find the ultimate facts from which in conjunction with the pleadings, conclusions of law could be drawn and judgment entered without reference to the evidence disclosed by the record.

The first assignment of error is grounded upon the premise that the plaintiff failed in his proof that the injury was accidental in origin, it having been conclusively established that he was regularly engaged in his usual and customary type of employment at the time of injury.

We have examined the entire record on this question and are of the opinion that it contains sufficient evidence, if credence were given to the same, to establish this fact. We concur in counsel's extensive argument that such proof is necessary in order to entitle the plaintiff to participate in the fund. Hence the real question presented was a factual one.

Finally it is urged that the court erred in its charge to the jury in defining the terms "injury" and "accidental injury." We find that the terms were properly defined and even if it were not necessary and proper that these definitions be given to the jury, it could not have been prejudicial.

Finding no error in the record the judgment will be affirmed.

MILLER, PJ, WISEMAN, J, concur.

## DISSENTING OPINION

By HORNBECK, J.

I dissent to the finding that the second and third paragraphs of the special verdict are sufficient to support the judgment. The issue of fact as to the accidental injury is not resolved as is required in a special verdict.